**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**GRACIE G. WICHTENDAHL SUAREZ,**

        *Plaintiff,*

        **v.**　　　　　　　　　　　　　　　　**Case No. 1:23-CV-02673-JRR**

**CODY RHODES, ET AL.,**

        *Defendants.*

<u>**MEMORANDUM OPINION**</u>

      Pending before the court are Motions to Dismiss by Defendants Maryland State Police and State of Maryland (ECF No. 59) and Defendants Cody Rhodes and Washington County Sheriff's Office (ECF No. 61), and Plaintiff's Motion for Leave to File Surreply (ECF No. 71). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, Plaintiff's Motion for Leave to File Surreply (ECF No. 71) and Defendants' Motions to Dismiss (ECF Nos. 59, 61) will be granted.

**I.    BACKGROUND[1]**

      On January 27, 2023, *pro se* Plaintiff Gracie G. Wichtendahl Suarez initiated this action against Defendants Sheriff Cody Rhodes, in his capacity as Sheriff of Washington County, Washington County Sheriff's Office, Maryland State Police, and the State of Maryland. (ECF No. 1.) Plaintiff's Amended Complaint was later docketed at ECF No. 58

      In the Amended Complaint, Plaintiff provides sparse factual allegations. Her claims, however, arise from Defendant Rhodes' unauthorized use of Plaintiff's license plate number to

---

[1] For purposes of resolving the motions to dismiss, the court accepts as true all well-pled facts set forth in the First Amended Complaint. (ECF No. 58; "Amended Complaint".) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

gather information about Plaintiff using the Washington County Sheriff's Office equipment. (ECF No. 58 ¶ 8.) Defendant Rhodes then shared Plaintiff's personal information gleaned from the search with his girlfriend, Kimberly Ruppert. *Id.* ¶ 9. Washington County Sheriff's Office investigated Rhodes and suspended him for two days for the unauthorized search. *Id.* ¶ 12.

Plaintiff alleges that Defendants violated the Privacy Act of 1974 (5 U.S.C. § 552a), the Drivers Privacy Protection Act ("DPPA") (18 U.S.C. § 2721), 18 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution. (ECF No. 58 ¶ 17.) Defendants move for dismissal for failure to state a claim. (ECF Nos. 59, 61.) Plaintiff opposes Defendants' motions and seeks leave to file a surreply. (ECF Nos. 63, 67, 71.)

## II.    STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

**B. Federal Rule of Civil Procedure 12(b)(1)**

Defendants State of Maryland and Maryland State Police ("Maryland Defendants") and Defendant Rhodes bring their Motions to Dismiss under Rule 12(b)(6); however, because they invoke Eleventh Amendment sovereign immunity, which deprives courts of subject-matter jurisdiction, the court will analyze the motions under Rule 12(b)(1).

"Rule 12(b)(1) [] authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject

matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same).

Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (same). "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1558 (9th Cir. 1987)).

Maryland Defendants raise a facial challenge to the court's subject matter jurisdiction, asserting that Eleventh Amendment immunity bars Plaintiff's action against them. (ECF No. 59-1 at p. 3.) Sovereign immunity "deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). "Given the unique attributes of sovereign immunity," the Fourth Circuit has explained that "the burden of proof falls to an entity seeking immunity as an arm of the state, even though a plaintiff generally bears the burden to prove subject matter jurisdiction." *Williams v. Big Picture Loans, LLC*, 929 F.3d 170,

176 (4th Cir. 2019) (citation omitted)); *see Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014) (explaining that "sovereign immunity is akin to an affirmative defense, which the defendant bears the burden of demonstrating").

## III.    ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); Fᴇᴅ. R. Cɪᴠ. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A.   Maryland Defendants' Motion to Dismiss

Maryland Defendants invoke sovereign immunity to argue that Plaintiff may not sue them under any theory advanced in the Amended Complaint. (ECF No. 59-1.)

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Cᴏɴsᴛ. Aᴍᴇɴᴅ. XI. Under the Eleventh Amendment, states generally enjoy immunity from suit

unless a state waives its immunity, or the immunity is abrogated by Congress. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." (citations omitted)); *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019) ("[S]tate sovereign immunity bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it."). As explained, a finding that a defendant enjoys sovereign immunity presents a jurisdictional bar to the court's adjudicative power over such a claim. *Cunningham v. General Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018).

"The Fourth Circuit has identified three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 409 (D. Md. 2022); *Anderson v. Dep't of Pub. Safety & Corr.*, No. 24-1339, 2024 WL 4814882, at *1 (4th Cir. Nov. 18, 2024) (identifying the three Eleventh Amendment immunity exceptions). The three exceptions include:

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 [121 S.Ct. 955, 148 L.Ed.2d 866] (2001) . . . . Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 [124 S.Ct. 899, 157 L.Ed.2d 855] (2004) . . . . Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 [122 S.Ct. 1640, 152 L.Ed.2d 806] (2002).

6

*Doe.*, 595 F. Supp. 3d at 409 (quoting *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012)).

Relevant here, "Congress has not abrogated sovereign immunity for § 1983 suits," *see Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)), and Maryland "has not waived its immunity under the Eleventh Amendment to suit in federal court." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020) (citing MD. CODE ANN., STATE GOV'T § 12-202(a)).  *See also Morgan v. Copper State Univ.*, No. SAG-20-0427, 2021 WL 5280893, at *5 (D. Md. Nov. 12, 2021) (noting "Maryland has not waived its sovereign immunity as it pertains to federal statutory claims.").  Accordingly, Maryland Defendants enjoy sovereign immunity from, and this court lacks subject-matter jurisdiction over, Plaintiff's claims against them.  Maryland Defendants' Motion to Dismiss will therefore be granted.

### B.  Plaintiff's Claims against Defendant Rhodes

Plaintiff sues Sheriff Rhodes "in his capacity as Sheriff of Washington County."  (ECF No. 58 at p. 1.)  Defendants Rhodes and Washington County Sheriff's Office argue that this court lacks subject-matter jurisdiction over, and therefore must dismiss, Plaintiff's Complaint as against Defendant Rhodes in his official capacity as Deputy Sheriff.  (ECF No. 61-1 at p. 6.)  In opposition, Plaintiff argues she brought the instant action against Defendant Rhodes in his individual and official capacities.  (ECF No. 68 at p. 6.)

"[W]hen a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity."  *Biggs v. Meadows*, 66 F.3d 56, 59 (4th Cir. 1995).  Here, the court need not conduct such an examination because Plaintiff expressly sued

Defendant Rhodes "in his capacity as Sheriff of Washington County"—*i.e.,* his official capacity. (ECF No. 58 at p. 1.) *Thompson v. State of Maryland Dep't of Transp.*, No. CIV. A. AW-09-297, 2010 WL 2473269, at *4 (D. Md. June 14, 2010) (holding state official defendants enjoyed Eleventh Amendment immunity when *pro se* plaintiff alleged that the officers were sued "in their respective official capacities."); *Amos v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds*, 524 U.S. 935 (1998) (finding "[t]he *Biggs* rule does not apply to the case before us. By the rule's own terms, it applies only 'when a plaintiff does not allege capacity specifically.'"); *Walton v. Collins*, No. 4:16CV180, 2017 WL 1217215, at *3–4 (E.D. Va. Mar. 31, 2017) (citing *Thompson, supra,* and holding that plaintiff sued defendants in their official capacities where plaintiff had checked a box indicating that his lawsuit was against defendants in their official capacity despite plaintiff's later argument that he misunderstood the form and intended to sue defendants in their personal capacities).

In Maryland, county Sheriff's deputies "are arms of the State for purposes of the Eleventh Amendment" and "county sheriffs and their deputies are state officials when acting in their law enforcement capacities."  *Lee v. Queen Anne's Cnty. Office of the Sheriff*, No. RDB-13-672, 2014 WL 476233, at *6 (D. Md. Feb. 5, 2015) (citing *McDonnell v. Hewitt–Angleberger*, Civ. A. No. WMN–11–3284, 2012 WL 1378636, at *4 n. 3 (D. Md. April 19, 2012); *Lindsey v. Jenkins*, Civ. A. No. RDB–10–1030, 2011 WL 453475, at *3 (D. Md. Feb. 3, 2011); *Rossignol v. Voorhaar*, 321 F. Supp. 2d 642, 651 (D. Md. 2004); *State v. Card*, 104 Md. App. 439, 656 A.2d 400 (1995)).  For Eleventh Amendment purposes, therefore, Defendant Rhodes, sued here in his official capacity as Sheriff's Deputy, is a Maryland state official.

"Lawsuits against state officials in their official capacities, . . . are the equivalent of suits against the state itself."  *Eller v. Prince George's Cnty. Pub. Sch.*, 580 F. Supp. 3d 154, 167 (D.

Md. 2022); *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985)); *Bruce & Tanya & Assocs., Inc. v. Bd. of Supervisors of Fairfax Cnty., Virginia*, 355 F. Supp. 3d 386, 399–400 (E.D. Va. 2018) ("[B]ecause a state official sued in his official capacity stands in for the entity he represents, he is equally entitled to assert that entity's sovereign immunity from suit."). "In contrast, the Eleventh Amendment does not bar 'an award of damages against an official in his personal capacity [that] can be executed only against the official's personal asserts.'" *Adams v. Ferguson*, 884 F.3d 219, 224–25 (4th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Finally, as described above, the Privacy Act (5 U.S.C. § 552a) authorizes suit against only federal agencies. *Chesser v. Chesser*, 600 F. App'x 900, 901 n.3 (4th Cir. 2015). Under the Act, an agency is "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. §§ 552a(a)(1); 552(f)(1). Therefore, Plaintiff cannot state a Privacy Act claim against Sheriff Rhodes in either his official or individual capacity.

### C. Plaintiff's Claims against Washington County Sheriff's Office

Defendant Washington County Sheriff's Office moves for dismissal of Amended Complaint because the Office is not an entity that may be sued. (ECF No. 61-1 at p. 5.)

Federal Rule of Civil Procedure 17(b)(3) dictates that state law determines whether a party that is neither an individual nor corporation may be sued. FED. R. CIV. P. 17(b)(3). Under Maryland law, county sheriffs' offices may not be sued. *Coster v. Maryland*, No. GLR-21-65,

2021 WL 5605027, at *11 (D. Md. Nov. 30, 2021); *Krock v. Carroll Cnty.*, No. L-11-0277, 2012 WL 245059, at *2 (D. Md. Jan. 25, 2012). Specifically, this court has found that the "Washington County Sheriff's Office is not a legal entity capable of being sued." *McGrath-Malott v. Maryland*, No. RDB-06-979, 2007 WL 609909, at *6 (D. Md. Feb. 23, 2007). Accordingly, Plaintiff cannot state a claim against the Washington County Sheriff's Office.

### D. Plaintiff's Surreply

On August 31, 2024, Plaintiff moved for leave to file a surreply to Defendants' Motions. (ECF No. 71.) Plaintiff's surreply reiterates many of her earlier-made arguments and fails to identify which argument/s she contends Defendants raised for the first time in their reply memorandum to justify a surreply. (ECF No. 71-1.)

Although surreplies are generally not permitted, whether to permit a party to file a surreply is within the court's discretion. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom.*, 778 F.3d 463 (4th Cir. 2015). *See* Local Rule 105.2(a) (D. Md. 2023) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). "This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs." *Boland v. Amazon.com Sales*, *Inc.*, 628 F. Supp. 3d 595, 599 (D. Md. 2022) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)). *See* Freeman, 961 F. Supp. 2d at 801 ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.") (citing *Khoury*, 268 F.Supp.2d at 605 (D. Md. 2003)). This court has, however, "used this discretion to permit self-represented parties to file surreplies even where no new matters were raised in the reply brief." *Trainor v. McGettigan*, No. CV GLR-22-1505, 2023 WL 403621, at *2 (D. Md. Jan. 25, 2023). *See Carroll v. Porter*, No.

CV GLR-23-02960, 2024 WL 3275482, at *4 (D. Md. July 2, 2024) (same); *Boland*, 628 F. Supp. 3d at 599 (same); *Wommack v. Ceres Terminals, Inc.*, No. CV JKB-19-1720, 2019 WL 4393136, at *2 (D. Md. Sept. 13, 2019) (same).  Importantly, this court has permitted surreplies where a *pro se* plaintiff's surreply did not "unduly prejudice" defendants (including, *e.g.*, where the proposed surreply does not change the outcome of court's decision).  *Williams v. Bartee*, No. CIV.A. CCB-10-935, 2011 WL 2842367, at *2 (D. Md. July 14, 2011), *aff'd sub nom. Williams v. Merritt*, 469 F. App'x 270 (4th Cir. 2012).

In view of these principles, the court will exercise its discretion to give Plaintiff leave to file her surreply, and direct that it be docketed.  Plaintiff's surreply does not change this court's analysis; as such, Defendants suffer no prejudice.

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Motion for Leave to File Surreply (ECF No. 71) shall be granted and Defendants' Motions to Dismiss (ECF Nos. 59, 61) shall be granted.  As set forth in the accompanying order, the court will grant Plaintiff fifteen (15) days within which to file an amended complaint for strictly the limited purpose of bringing suit against Defendant Rhodes in his individual capacity.


February 4, 2025                              ____/S/_____
                                             Julie R. Rubin
                                             United States District Judge