## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GRACIE G. WICHTENDAHL SUAREZ,** | |
| *Plaintiff,* | |
| **v.** | **Case No. 1:23-CV-02673-JRR** |
| **CODY RHODES, ET AL.,** | |
| *Defendants.* | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff Gracie G. Wichtendahl Suarez's "Motion for Certification of this Court's 2/4/2024 Memorandum Opinion and Order for Interlocutory Appeal and Stay of Proceedings." (ECF No. 88, the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On January 27, 2023, *pro se* Plaintiff Gracie G. Wichtendahl Suarez initiated this action against Defendants Sheriff Cody Rhodes, in his capacity as Sheriff of Washington County, Washington County Sheriff's Office, Maryland State Police, and the State of Maryland. (ECF No. 1.) In her complaint, Plaintiff provides sparse factual allegations. Her claims, however, arise from Defendant Rhodes' alleged unauthorized use of Plaintiff's license plate number to gather information about Plaintiff using Washington County Sheriff's Office equipment. (ECF No. 58 ¶ 8.) Defendant Rhodes, Plaintiff alleges, then shared Plaintiff's personal information gleaned from the search with his girlfriend, Kimberly Ruppert. *Id.* ¶ 9.

Plaintiff alleges Defendants violated the Privacy Act of 1974 (5 U.S.C. § 552a), the Drivers Privacy Protection Act ("DPPA") (18 U.S.C. § 2721), 18 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution. (ECF No. 58 ¶ 17.) Defendants moved for

dismissal for failure to state a claim. (ECF Nos. 59, 61.)[1] On February 4, 2025, the court granted Defendants' Motion to Dismiss and gave Plaintiff fifteen days within which to file an amended complaint for the limited purpose of suing Defendant Cody Rhodes in his individual capacity. (ECF No. 85.)

On February 18, 2025, Plaintiff filed the instant Motion in which she requests that the court certify for interlocutory appeal its opinion and order granting Defendants' motion to dismiss, and stay proceedings pending her appeal. (ECF No. 88.)

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); Fᴇᴅ. R. Cɪᴠ. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

---

[1] Plaintiff insists that Defendants "strategically delayed raising sovereign immunity and instead filed successive motions to dismiss under Rule 12(b)(6) in a clear attempt to manipulate judicial proceedings and obstruct Plaintiff's claims." (ECF No. 88-1 at p. 5.) Such argument does not support interlocutory appellate review and is otherwise unavailing; Defendants filed two sets of 12(b)(6) Motions – the first (ECF Nos. 40, 41) was rendered moot by this court's docketing of Plaintiff's Amended Complaint (ECF No. 57) and the court ruled on the second. (ECF Nos. 59, 61, 85.)

The federal courts of appeals generally have jurisdiction over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "[A]n order that dismisses a complaint with leave to amend is not a final decision because it means that the district court is not finished with the case." *Britt v. DeJoy*, 45 F. 4th 790, 793 (4th Cir. 2022) (citing *Jung v. K. & D. Min. Co.*, 356 U.S. 335, 336–37 (1958)); *see Najia Rahmani, Plaintiff-Appellant, v. Capital One Bank, Headquarters, Defendant-Appellee.*, No. 24-2190, 2025 WL 957485, at *1 (4th Cir. Mar. 31, 2025) (same). To appeal an order dismissing a complaint with leave to amend, a plaintiff "must first 'waive her right to amend the complaint by requesting that the district court take further action to finalize its decision,' . . . and she 'must obtain an additional, final decision from the district court finalizing its judgment;'" otherwise, a plaintiff must appeal an order of dismissal with leave to amend as an interlocutory or collateral order. *Najia Rahmani*, 2025 WL 957485, at *1 (quoting *Britt*, 45 F. 4th at 796–97).

A district court may certify an order for interlocutory appeal where "[(1)] such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . [(2)] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Courts may find substantial ground for difference of opinion "[i]f 'controlling law is unclear.'" *Lacks v. Ultragenyx Pharm., Inc.*, --- F. Supp. 3d ---, 2025 WL 675036, at *19 (D. Md. Mar. 3, 2025) (quoting *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019)). There may also be substantial ground for difference of opinion "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* "[A] party's disagreement with the decision of the district court, no matter how strong, does not create substantial grounds." *Id.*

Importantly, "interlocutory appeal is an exception to the general rule that appellate review must await final judgment." *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 196 (2019). The Fourth Circuit "ha[s] cautioned 'that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)).

Plaintiff seeks certification for an interlocutory appeal and a stay pending appeal because of this court's "misapplication of sovereign immunity, failure to acknowledge the statutory mandates of the DPPA, and improper dismissal of a clear Fourth Amendment violation." (ECF No. 88-1 at p. 3.) Specifically, Plaintiff identifies five "controlling questions of law:" whether the court wrongfully shielded defendants by misapplying *Monell v. Department of Social Services*, 436 U.S. 658 (1978); whether the court erroneously extended sovereign immunity to Defendant Rhodes; whether Defendants' conduct constitutes a clear Fourth Amendment violation; whether the DPPA creates a private right of action against law enforcement officers for unauthorized searches; and whether Maryland common law establishes liability for public officers' abuse of authority. *Id*. at pp. 4–6. Plaintiff additionally references "the Court's identification and treatment of questions it believed were left open by the Supreme Court;" the court is unclear what Plaintiff refers to, as she has not cited this court's memorandum opinion. *Id*. at p. 3.

Plaintiff does not assert that controlling law is unclear, a circuit split exists, or a novel and difficult question of first impression is presented. *Lacks*, 2025 WL 675036, at *19. Instead, Plaintiff insists that this court's opinion is "predicated on a fundamental misapplication of binding legal precedent." (ECF No. 88-1 at p. 8.) The Fourth Circuit has made clear "§ 1292(b) review is not appropriate where, for example, the question presented turns on whether there is a genuine

4

issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *United States ex rel. Michaels*, 848 F.3d at 341 (internal quotations omitted). At bottom, Plaintiff's alleged grounds for interlocutory appeal are disagreements with this court's application of controlling law to the facts of Plaintiff's case. Plaintiff has not demonstrated that interlocutory appellate review is necessary here.

For the reasons set forth herein, it is this 1st day of April 2025,

**ORDERED** that the Motion (ECF No. 88) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the deadline for Plaintiff to file an amended complaint for the limited purpose of suing Defendant Cody Rhodes in his individual capacity shall be extended to April 15, 2025. Plaintiff is advised that should she fail to file an amended complaint within this timeframe, this case will be closed without further notice.

**/S/**

_____
Julie R. Rubin
United States District Judge